UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

KAYE VASSEL and PAUL VASSEL,                    **MEMORANDUM AND ORDER**

                    Plaintiffs,                 12-cv-5704(KAM)(RER)

    -against-

GREYSTONE BANK, ET AL.,

                    Defendants.

---------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        On November 19, 2012, defendants Barry G. Felder,
Esq., Rachel E. Kramer, Esq., Alicia L. Pitts, Esq., all counsel
at Foley & Lardner LLP, and defendant Foley & Lardner LLP
(together, the "Foley defendants") removed this action initiated
by *pro se* plaintiffs Kaye Vassel and Paul Vassel ("plaintiffs"
or "the Vassels") in the Supreme Court of the State of New York,
Queens County on October 24, 2012.  (ECF No. 1, Notice of
Removal, Ex. A, Queens State Court Summons and Complaint at 1,
No. 22056/12, filed 10/24/2012 ("Compl.").)

        The Vassels' original state court complaint alleged
numerous causes of action against the Foley defendants and other
defendants (discussed below) in relation to the action commenced
before this court, by defendants Greystone Bank, succeeded by
FirstStorm Partners, to foreclose the first mortgage lien on

certain commercial real property designated as Block 10188, Lot 45 with an address of 109-18 Merrick Boulevard, Jamaica, New York (the "Property"). *FirstStorm Partners 2 LLC v. Vassel, et al.*, No. 10-cv-2356 (KAM) (RER) ("*Vassels I*"). On November 19, 2012, the clerk of this court filed a "Notice of Related Case" linking the instant action to the *Vassels I* case. Accordingly, on November 30, 2012, the court granted the Foley defendants' motion to reassign the instant case number to the undersigned. (Case Reassignment Order, dated 11/30/2012.)

Notably, two named defendants in this case, FirstStorm Partners 2 LLC ("FirstStorm") and Greystone Bank ("Greystone"), were litigants in *Vassels I*: Greystone Bank was the initial plaintiff against Kaye and Paul Vassel in the foreclosure action, and FirstStorm Partners 2 LLC was substituted as plaintiff by court order dated October 26, 2011. (*Vassels I*, Order Granting Motion to Substitute Party dated 10/26/2011.) Moreover, plaintiffs' allegations in the instant complaint and subsequent amended complaint demonstrate that every named defendant in this case played a role in the foreclosure proceeding and litigation in *Vassels I* – where plaintiffs were afforded a full and fair opportunity to litigate all of their claims and defenses arising out of the Property's foreclosure and subsequent judicial sale. Therefore, for the reasons that follow, plaintiffs' claims in this case against all defendants

2

are dismissed with prejudice, defendant TitleVest Agency Inc.'s crossclaim against all defendants is dismissed with prejudice, and defendant TitleVest Agency Inc.'s motion for summary judgment is denied as moot.

## DISCUSSION

### I.   Procedural Background

As noted above, on November 19, 2012, the Foley defendants timely removed the plaintiffs' complaint filed in Queens County, Supreme Court to this court, after being served with the state court summons and complaint on or about November 13 and November 14, 2012.  (ECF No. 1, Notice of Removal ¶ 11.) Plaintiffs were served with the notice of removal on November 20, 2012.  (ECF No. 4, Affidavit of Service, dated 11/28/2012.) On December 3, 2012, the Foley defendants filed a letter requesting a pre-motion conference regarding their proposed motion to dismiss the complaint based on (i) the complaint's failure to meet minimum pleading standards; (ii) the doctrines of claim and/or issue preclusion; and (iii) the lack of state action with respect to the Vassels' allegations of constitutional violations.  (ECF No. 6, Foley Defs. Ltr., dated 12/3/2012, at 1-2.)  Pursuant to the court's order dated December 3, 2012 (Order dated 12/3/2012), the Vassels responded to the Foley defendants' pre-motion conference letter on December 19, 2012.  (ECF No. 10, Vassels' Ltr., dated

3

12/19/2012.)

The court held a telephonic pre-motion conference regarding the Foley defendants' proposed motion to dismiss on December 21, 2012. (Minute Entry dated 12/21/2012.) During the December 21, 2012 pre-motion conference, the Vassels indicated that they intended to amend their complaint in light of the Foley defendants' stated grounds for dismissing the original state court complaint. (*Id.*) Consequently, the court ordered the Vassels to amend their complaint on or before January 22, 2013, after which the Foley defendants would be permitted to inform the court if additional motion practice was necessary. (*Id.*)

On January 22, 2013, the Vassels filed an amended complaint in the instant action. (ECF No. 13, Amended Complaint ("Am. Compl.").) The Foley defendants renewed their request for a pre-motion conference regarding their motion to dismiss on January 31, 2013. (ECF No. 23, Foley Defs. Ltr., dated 1/31/13.) Additionally, on February 5, 2013, defendant Titlevest Agency, Inc.("TitleVest"), filed an answer to the amended complaint, a counterclaim against the Vassels, and a crossclaim against all co-defendants in this case which incorporated the claims of plaintiffs. (ECF No. 25, Answer, Crossclaim Against all Defendants, and Counterclaim Against all Plaintiffs by Titlevest Agency, Inc., filed 2/5/2013.)

4

Thereafter, on February 13, 2013, defendants Allison Berman, FC Highway 6 Holdings LLC, FirstCity Financial Corporation, FirstStorm Partners 2 LLC, Firststorm Properties 2 LLC, Stephen C. Gohring, Greystone Bank, Greystone Multiunit LLC, William McDonald, John W. Moore, Alix Pierre, Debbie Scott, Servarius Strategic Growth Fund LLC, and Colon Terrell filed a letter seeking to join the pre-motion conference letter previously filed by the Foley defendants and to join the Foley defendants' proposed motion to dismiss the amended complaint (together, the "moving defendants"). (ECF No. 27, Ltr. dated 2/13/2013.)  On February 15, 2013, the Vassels filed a letter responding to (i) the Foley defendants' letter dated January 31, 2013 seeking a pre-motion conference; and (ii) the letter filed by the other moving defendants dated February 13, 2013. (ECF No. 28, Vassels' Ltr. dated 2/15/2013.)

On February 21, 2013, in *Vassels I*, the court issued an order denying the Vassels' motion to vacate the Order and Judgment of Foreclosure and Sale of the Property that was entered in *Vassels I* on August 15, 2012. (*FirstStorm Partners 2 LLC v. Vassel, et al.*, No. 10-cv-2356, ECF No. 83, Order Denying Vassels' Motion to Vacate, dated 2/21/2013 ("Order Denying Mot. to Vacate"); *see also FirstStorm Partners 2 LLC v. Vassel, et al.*, No. 10-cv-2356, ECF No. 44-45, 47, Order and Judgment of Sale entered 8/15/12.)

5

Among other things, the court's order dated February 21, 2013 in *Vassels I* denying the Vassels' motion to vacate addressed the Vassels' substantive challenges to the validity of FirstStorm's foreclosure and sale of the Property. Specifically, in making their motion to vacate, the Vassels asserted: "(i) a challenge to this court's jurisdiction over [the foreclosure action]; (ii) that former plaintiff Greystone and current plaintiff FirstStorm Partners 2 LLC lack standing to sue, either because the original mortgage documents are fraudulent or because the mortgage assignment was fraudulent; and (iii) that plaintiff's counsel of record are somehow fraudulently representing the plaintiff." (Order Denying Mot. to Vacate at 45 (citations omitted).)  Indeed, the Vassels raised the above issues no less than three times in the course of *Vassels I*. (*Id.* at 45-46.)  Moreover, the Vassels also proffered their theory that Michael F. King, Esq. – one of the named defendants in this case – had improperly colluded with Rachel Kramer, Esq. (counsel for FirstStorm and also a named defendant in this action) regarding the foreclosure sale of the Property that was conducted outside the United States Courthouse for the Eastern District of New York in Brooklyn, New York, on September 13, 2012. (*Id.* at 6-7, 10 n.5.)  The court considered and rejected all of the Vassels' challenges to the court's jurisdiction, the foreclosure proceedings (including the

6

foreclosure sale refereed by Mr. King), and all of the Vassels'
allegations of fraud regarding the underlying mortgage note and
assignment documents.  (*Id.* at 24 (finding that "[b]ased on the
controlling case law . . . and the facts elicited at the
December 13, 2012 foreclosure sale hearing [regarding the events
of the foreclosure sale on September 13, 2012], there are no
grounds to set aside the foreclosure sale of the Property in
this case"); *id.* at 46 (holding that the court had jurisdiction
over the foreclosure proceedings, "that the former plaintiff
Greystone and current plaintiff FirstStorm Partner 2 LLC did and
do have standing to sue and that FirstStorm's assignment of
rights in this case was valid, that the underlying mortgage
documents and assignments are not forgeries, and that there is
nothing fraudulent or improper about plaintiff counsel's
representation of their client").)  Therefore, because the court
found no merit in any of the Vassels' allegations of
irregularity or fraud regarding the foreclosure and sale of the
Property, the court denied the Vassels' motion to vacate and the
*Vassels I* case was closed on February 26, 2013.

         On March 12, 2013, the court held a telephonic pre-
motion conference in the instant action to address the moving
defendants' proposed motion to dismiss the Vassels' amended
complaint.  During the March 12, 2013 telephonic conference, the
court discussed the moving defendants' proposed motion to

dismiss the amended complaint and alerted the moving defendants and Mr. Vassel that, absent any objection, the court would decide the motion based on the submissions already filed to date, and in light of the court's orders in the related case *Vassels I*, which had been closed on February 26, 2013. (Minute Entry dated 3/12/2013.) Defendant TitleVest expressed its desire to file its own motion to dismiss the amended complaint, and the court ordered TitleVest to file its motion on or before March 19, 2013. (*Id.*) The court further ordered the Vassels to respond to TitleVest's motion on or before April 3, 2013, and to file any other documents responding to the moving defendants' motion to dismiss by that same day as well. (*Id.*) A copy of the court's minute entry dated March 12, 2013 was sent to the Vassels' by the court's staff. (*Id.*)

On March 29, 2013, TitleVest filed a motion for summary judgment. (ECF No. 29, Motion for Summary Judgment by TitleVest, filed 3/29/2013 ("SJ Mot.").) TitleVest served the Vassels with its motion for summary judgment along with the Rule 56.2 Notice required in the Eastern District for *pro se* parties on March 28, 2013. (ECF No. 29-4, Affidavit of Service dated 3/29/13.)

On May 2, 2013, counsel for TitleVest informed the court via letter that the Vassels had not, as of that date, served TitleVest with a response to TitleVest's motion for

summary judgment.  (ECF No. 32, TitleVest Ltr., dated 5/2/2013.)
Upon review of TitleVest's summary judgment motion, including
the affidavit of service, the court observed that TitleVest's
motion had been served on the Vassels at the subject Property,
which was the Vassels' former business address.  (Order dated
May 6, 2013.)  Although the Vassels' provided the subject
Property's address as their address of record for the docket in
this case, in the interest of fairness and to ensure effective
service, on May 6, 2013, chambers' staff served the Vassels with
TitleVest's summary judgment motion at the Vassels' residential
address as well.  (*Id.*)  The court also permitted the Vassels
until May 21, 2013 to file a response, if any, to TitleVest's
summary judgment motion.  (*Id.*)

        The Vassels did not file any response to TitleVest's
motion for summary judgment on or before May 21, 2013, nor did
they file any additional response to the moving defendants'
motion to dismiss.  Mr. Vassel did, however, file a letter on
May 15, 2013 addressed to the court regarding a "Letter Rogatory
by Special Appearance."  (ECF No. 33, Vassels' Ltr., dated
5/15/2013.)  Although the court has reviewed and considered Mr.
Vassels' May 15, 2013 letter, it does not appear to have any
relevance to the pending motions in this case.

**II.  The Vassels' Allegations in the Amended Complaint**

        The Vassels' amended complaint in this case alleges

that Greystone is an inactive entity (Am. Compl. At 2, ¶ 3),
that defendant Greystone Multiunit LLC "is the same" as
Greystone (*id.* at 4, ¶ 17), and that defendants FC Highway 6
Holdings LLC, Sevarious Strategic Growth Fund LLC, and FirstCity
Financial Corporation are corporate parents of defendant
FirstStorm (*id.* at 2, ¶ 4).  Defendant Allison Berman is alleged
to be Greystone's General Counsel, and defendant Colon Terrell
is alleged to be Greystone's CEO.  (*Id.* at 4, ¶¶ 11-12.)
Plaintiffs also allege that defendant William McDonald is a
Senior Vice President of co-defendants FirstStorm and the
related entity FirstStorm Properties 2 LLC, and that defendant
John W. Moore is the Executive Vice President for FirstStorm.
(*Id.* at 4, ¶¶ 14-15.)  The aforementioned ten named defendants
are referred to as the "FirstStorm/Greystone defendants" for
convenience and clarity.

       Equally of note, the Foley defendants in this case are
the law firm Foley & Lardner LLP and the individual attorneys of
the law firm of Foley & Lardner LLP, all of whom represented
Greystone and then FirstStorm in *Vassels I*.  (*Id.* at 3, ¶¶ 7-
10.)  Michael F. King, Esq., another named defendant in this
case, served in *Vassels I* as the court-appointed referee for the
judicially approved foreclosure sale of the Property, and is
alleged to have conducted the sale unlawfully and fraudulently.
(*Id.* at 4, ¶ 15.)

10

The remaining named defendants who have joined the Foley defendants' motion to dismiss the amended complaint are all entities or persons who were involved in recording, filing, receiving and/or transferring of the allegedly forged and fraudulent documents relating to the foreclosure and sale of the Property at issue in *Vassels I*.  (*See* Am. Compl. at 3-5.)  With respect to TitleVest, the only defendant who has not joined the moving defendants' motion to dismiss, but instead moved separately to dismiss, the amended complaint alleges that TitleVest "is an alleged recording company." (*Id.* at 4, ¶ 18.)

As they also argued in *Vassels I*, the Vassels' instant amended complaint alleges that the FirstStorm/Greystone defendants wrongfully and fraudulently initiated foreclosure proceedings against the Vassels regarding the Property (Am. Compl. at 5-7); that the FirstStorm/Greystone defendants employed fraudulent "robo signatures" to assign the mortgage note for the Property to the MERS recording system defendants (*id.* at 6); that the FirstStorm/Greystone defendants made a claim that "they are a party in interest in this matter" without providing "lawful representation of said claim" (*id.* at 6-7); that the FirstStorm/Greystone defendants were assisted in this fraud by the Foley defendants (*id.* at 7-8); that Rachel Kramer, Esq. and Michael King, Esq. colluded to fraudulently permit FirstStorm to place the winning bid at the foreclosure sale of

the Property (*id*. at 8, 9); and that the remaining parties transferred, filed, received, and recorded documents relating to the foreclosure of the Property in a fraudulent or otherwise wrongful manner (*id*. at 8-10).  The amended complaint's only allegation as to TitleVest is that TitleVest, "[t]hrough its agents filing document [*sic*] behind our back without our knowledge as part of the scheme to steal our property under false pretense," an allegation which is repeated verbatim three times in the amended complaint.  (*Id*. at 10, 12, 13.)

Based on the aforementioned allegations, plaintiffs allege violations of the Fourth, Fifth, and Seventh Amendments to the United States Constitution, theft, fraud, "illegal waiver of Constitutional rights," "Counterfeiting of a Security Instrument," "Conversion of an Instrument," "Alteration of an Instrument," "Security Fraud," "False Billing," "Identity Theft," "Foreclosure Fraud," "Illegal Transfer," and that all defendants lack standing to have participated in the related foreclosure of the Property.  (*Id*. at 11-16.)  The Vassels' amended complaint also includes a lengthy diatribe against the MERS mortgage recording system.  (*Id*. at 16-21.)  Plaintiffs seek compensatory damages in the amount of $20,000,000, punitive damages in the amount of $50,000,000, "removal of all fraudulent documents defendants filed against our property," and other relief.  (*Id*. at 22.)

## III. Legal Standards

### A.  Motion to Dismiss

Pursuant to Rule 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "In order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice"; "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.

In the context of a motion to dismiss a complaint pursuant to Rule 12(b)(6), the Second Circuit has advised that "[a] *pro se* complaint should not be dismissed unless 'it appears beyond doubt that the plaintiffs can prove no set of facts in support of [their] claims which would entitle [them] to relief.'"  *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46

13

(1957)).  Additionally, when considering a motion to dismiss a
*pro se* complaint, "courts must construe [the complaint] broadly,
and interpret [it] to raise the strongest arguments that [it]
suggests."  *Id.* at 146 (alterations in original) (quoting *Cruz
v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

### B. Collateral Estoppel/Issue Preclusion

　　　　Where, as here, a decision "claimed to have preclusive
effect was rendered by a district court sitting in diversity, [a
federal court will] apply the preclusion law 'that would be
applied by state courts [ ] in the State in which the federal
diversity court sits.'"  *Algonquin Power Income Fund v.
Christine Falls of N.Y., Inc.*, 362 F. App'x 151, 154 (2d Cir.
Jan. 20, 2010 (quoting *Semtek Int'l Inc. v. Lockheed Martin
Corp.*, 531 U.S. 497, 508 (2001)). Yet, "there is no discernible
difference between federal and New York law concerning res
judicata and collateral estoppel."  *Id.* at 154 (quoting *Marvel
Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002));
*accord Pike v. Freeman*, 266 F.3d 78, 91 n. 14 (2d Cir. 2001)
("[T]here appears to be no significant difference between New
York preclusion law and federal preclusion law. . . .");  *Rafter
v. Liddle*, 704 F. Supp. 2d 370, 375 (S.D.N.Y. 2010) (same).

　　　　"Dismissal under Fed. R. Civ. P. 12(b)(6) is
appropriate when . . . it is clear from the face of the
complaint, and matters of which the court may take judicial

notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000).  In addition, a party may seek dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) based on the doctrines of collateral estoppel/issue preclusion and res judicata/claim preclusion.  *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

Application of collateral estoppel is determined by the law of the state in which the district court sitting in diversity rendered its decision.  *See Algonquin Power Income Fund*, 362 F. App'x at 154; *cf. Webster v. Wells Fargo Bank, N.A.*, No. 08-cv-10145, 2009 WL 5178654, at *9 (S.D.N.Y. Dec. 23, 2009) (citing *Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir. 1996)), *aff'd sub nom. Webster v. Penzetta*, 458 F. App'x 23 (2d Cir. 2012).  New York's law of collateral estoppel bars this court's adjudication of a claim if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995).

Whether an issue was "necessarily decided" in a prior

proceeding turns on whether the court made a determination as to the "rights, questions or facts that underlie a judicial decision, not the legal theories underlying the complaint." *Yeiser v. GMAC Mortg. Corp*., 535 F. Supp. 2d 413, 424–25 (S.D.N.Y. 2008) (citing *Coveal v. Consumer Home Mortg., Inc*., No. 04–cv–4755, 2005 WL 2708388, at *5 (E.D.N.Y. Oct. 21, 2005)).  Whether a party has had a "full and fair opportunity to litigate the issue in the first proceeding," requires consideration of "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *Yeiser*, 535 F. Supp. 2d at 425 (dismissing *pro se* plaintiffs' complaint on grounds of collateral estoppel where plaintiffs had full and fair opportunity to be heard in previous action despite their failure to interpose counterclaims, join parties and notice evidence of mortgagee's alleged fraud) (citation omitted).

For a party to be collaterally estopped from relitigating a certain issue, "it is not necessary that the issue have been 'actually litigated' in the sense that evidence have been offered on the point." *Richardson v. City of New York*, No. 97–cv–7676, 2004 WL 325631, at *2 (S.D.N.Y. Feb. 20,

2004).  The issue need only "'have been properly raised by the
pleadings or otherwise placed in issue and actually determined
in the prior proceeding.'"  *Webster,* 2009 WL 5178654, at *9
(quoting *Halyalkar v. Bd. of Regents*, 527 N.E.2d 1222, 1226
(N.Y. 1988)).  "The party asserting issue preclusion bears the
burden of showing that the identical issue was previously
decided, while the party against whom the doctrine is asserted
bears the burden of showing the absence of a full and fair
opportunity to litigate in the prior proceeding."  *Colon*, 58
F.3d at 869 (citing *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63,
67 (N.Y. 1985)).

### C. Res Judicata/Claim Preclusion

Under both New York law and federal law, the doctrine
of res judicata or claim preclusion, provides that "[a] final
judgment on the merits of an action precludes the parties or
their privies from relitigating issues that were or could have
been raised in that action."  *Niles v. Wilshire Inv. Grp., LLC*,
859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012) (internal quotation
marks omitted); *see also Flaherty v. Lang*, 199 F.3d 607, 612 (2d
Cir. 1999).  In order for claim preclusion to apply, "a party
must show that (1) the previous action involved an adjudication
on the merits; (2) the previous action involved the plaintiff []
or those in privity with [him]; [and] (3) the claims asserted in
the subsequent action were, or could have been, raised in the

17

prior action." *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted).  Under New York's "transactional" approach to claim preclusion, a claim should have been brought if it arises "'out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" *Kesten v. Eastern Sav. Bank,* No. 07-cv-2071, 2009 WL 303327, at *3 (E.D.N.Y. Feb. 9, 2009) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, "[a]ll litigants, including *pro se* plaintiffs, are bound by the principles of res judicata," and "a judgment of foreclosure and sale obtained by default constitutes a decision on the merits." *Done v. Wells Fargo Bank, N.A.*, No. 08-cv-3040, 2009 WL 2959619, at *4 (E.D.N.Y. Sept. 14, 2009) (citing cases).

## IV.  Analysis

As the moving defendants in this case correctly note, all of the Vassels' claims in this action must be dismissed pursuant to the doctrines of collateral estoppel and/or issue preclusion, because the Vassels litigated and/or were afforded a full and fair opportunity to litigate all of the issues presented in their instant claims in *Vassels I*, and all of their instant claims arise out of the same transactions or series of events adjudicated on the merits in *Vassels I*.  The court

therefore need not reach the merits of TitleVest's motion for summary judgment,[1] because any and all claims the Vassels could have raised against TitleVest in relation to the sale of the Property and transfer and recording of title should have and could have been raised in the Vassels' defenses and challenges to the foreclosure sale in *Vassels I* and are therefore precluded as well.

A review of the amended complaint in this case readily demonstrates that all of the Vassels' instant allegations concern their belief that their mortgage lender and its counsel somehow defrauded the Vassels by pursuing their legal rights to foreclose upon the Property using fraudulent mortgage, recording, and assignment documents. As noted above, this court has already considered and rejected the Vassels' instant arguments when it held in *Vassels I* that the court had jurisdiction over the foreclosure proceedings, "that the former plaintiff Greystone and current plaintiff FirstStorm Partner 2

---

[1] Even if the court were not dismissing the instant amended complaint on the grounds of issue and claim preclusion, the court would not grant TitleVest's motion for summary judgment in its current state due to the motion's many deficiencies. For instance, TitleVest's motion lacks a Rule 56.1 statement, which the Local Rules of this court mandate must be attached to any motion for summary judgment. (*See generally* SJ Mot.) Additionally, the motion's purported "memorandum of law" is actually an affidavit executed by a representative of TitleVest, and cites no legal authority or facts in support of its motion. (*Id.*) In any event, for the reasons set forth herein, the Vassels' amended complaint, including claims against TitleVest, is dismissed with prejudice. Moreover, the plaintiffs' bald allegations against TitleVest fail to state a claim in alleging that TitleVest, "[t]hrough its agents filing document [*sic*] behind our back without our knowledge as part of the scheme to steal our property under false pretense." (Am. Compl. at 10, 12, 13.)

LLC did and do have standing to sue and that FirstStorm's assignment of rights in this case was valid, that the underlying mortgage documents and assignments are not forgeries, and that there is nothing fraudulent or improper about plaintiff counsel's representation of their client." (Order Denying Mot. to Vacate at 46.)

Additionally, in *Vassels I*, the Vassels were given the opportunity to participate in a full-blown evidentiary hearing challenging the manner in which the foreclosure sale was conducted and title was transferred and recorded. The hearing involved testimony from four witnesses and the court's review of security camera recordings depicting the foreclosure sale of the Property outside the Eastern District courthouse. (*See, e.g.*, Order Denying Mot. to Vacate, at 9-16 (describing the December 13, 2012 evidentiary hearing regarding the conduct of the September 13, 2012 foreclosure sale, attended by Mr. Vassel who asked questions of witnesses and gave his own testimony).) The Vassels' allegations against Mr. King and Ms. Kramer regarding fraud and/or irregularity in the foreclosure sale proceedings (repeated again in this action) were therefore soundly rejected by this court in *Vassels I*. (*Id*. at 24 (finding that "[b]ased on the controlling case law . . . and the facts elicited at the December 13, 2012 foreclosure sale hearing [including the events of the foreclosure sale on September 13, 2012], there are no

grounds to set aside the foreclosure sale of the Property in this case").)

Under these circumstances, there can be no dispute that "(1) the issue[s] in question [in this case] w[ere] actually and necessarily decided in a prior proceeding, and (2) the part[ies] against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon*, 58 F.3d at 869.  As discussed above, the court's order dated February 21, 2013 denying the Vassels' motion to vacate actually and "necessarily" decided all the issues raised in this case, because that order determined all of the "rights, questions or facts" underpinning the Vassels' arguments regarding the mortgage foreclosure and sale of the property raised in both actions.  *See Yeiser*, 535 F. Supp. 2d at 424-25; *see also Done*, 2009 WL 2959619, at *3-4 (dismissing *pro se* borrower's complaint seeking to vacate previous order and judgment of foreclosure based on collateral estoppel and res judicata).

With respect to whether the Vassels were afforded a "full and fair opportunity" to litigate their present allegations in *Vassels I*, the court has also considered "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence,

21

indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *Yeiser*, 535 F. Supp. 2d at 425 (quotation omitted). Although the Vassels endured a frustrating relationship with the attorney they engaged to represent them in *Vassels I* – a situation which the court addressed extensively in the *Vassels I* case (*see, e.g.*, Order Denying Mot. to Vacate at 28-34) – the Vassels were not prevented in any way from asserting in that case the issues they now assert in this action.

To the contrary, with their counsel and on their own, the Vassels raised the very same arguments in *Vassels I* that they present here -- that FirstStorm, its predecessor Greystone, FirstStorm's attorneys at the firm of Foley & Larder, and the MERS recording system and its employees lacked standing to foreclose on the Property and defrauded the Vassels by relying on false mortgage and assignment documents employing "robo" signatures -- at least three times in *Vassels I*. (*See, e.g.*, Order Denying Mot. to Vacate at 45-46 (noting the appearance of these arguments in the Vassels' (i) affirmative defenses and counterclaims, (ii) motion to vacate, (iii) reply in support of their motion to vacate, and (iv) letter to the court dated January 31, 2013).) Under these circumstances, the Vassels had a full and fair opportunity to litigate the issues they present in this action in the *Vassels I* case. *See, e.g.*, *Yeiser*, 535 F.

22

Supp. 2d at 425 (dismissing *pro se* plaintiffs' complaint on grounds of collateral estoppel where plaintiffs had full and fair opportunity to be heard in previous action, even where plaintiffs did not interpose counterclaims, join parties and notice evidence of mortgagee's alleged fraud). Therefore, the Vassels' amended complaint must be dismissed on grounds of collateral estoppel, also known as issue preclusion.

### A. Res Judicata/Claim Preclusion

The Vassels' present allegations must also be dismissed pursuant to the doctrine of res judicata, also known as claim preclusion. As discussed above, to invoke the doctrine of res judicata, "a party must show that (1) the previous action involved [a final] adjudication on the merits; (2) the previous action involved the plaintiff [] or those in privity with [him]; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285 (citations omitted). The defendants' motion fulfills all three of these requirements.

First, for the reasons already stated, the court's order dated February 21, 2013 denying the Vassels' motion to vacate the Order and Judgment of Foreclosure and Sale in *Vassels I* adjudicated the merits of plaintiffs' challenges relating to the foreclosure of the Property and judicial sale, and confirmed the court's final judgment with respect to the foreclosure

23

proceedings entered on August 15, 2012 in *Vassels I*. (*See* Order
Denying Mot. to Vacate at 46-48; ECF Nos. 44-45, 47, Order and
Judgment of Sale, entered 8/15/12.) Second, it is plain that
the *Vassels I* case involved both Mr. and Mrs. Vassel, the
plaintiffs in this action. Third, the instant case "arose from
the same transaction or series of events," raised and
adjudicated in *Vassels I*, namely, "an alleged conspiracy and
fraud resulting in the foreclosure of the subject premises, the
[] court's issuance of a Judgment of Foreclosure and Sale, and
the subsequent purchase of the subject premises by [the
defendant] at the foreclosure auction, and plaintiffs presented
(and could have presented all of their constitutional claims) in
the [related foreclosure proceedings]." *Niles*, 859 F. Supp. 2d
at 339. This is true even for the Vassels' allegations in the
amended complaint against TitleVest and the allegations
purportedly based on Constitutional violations,[2] because any such
claims necessarily arose out of the "same transaction or series
of events." *See id*. (finding *pro se* borrower's purported
Constitutional claims were barred by *res judicata* because they
arose out of the same transaction or series of events that
underpinned plaintiffs' previously adjudicated conspiracy and
fraud claims); *see also Yeiser*, 535 F. Supp. 2d at 425; *Done*,

---

[2] In any event, the Vassels have not alleged and the moving defendants can
hardly be described as state actors such that they can be held responsible
for any alleged Constitutional violations.

2009 WL 2959619, at *3-4.  Therefore, after reviewing the amended complaint, the parties' letters in support and in opposition to the pending motions, and the applicable case law discussed above, the court finds that the Vassels' allegations presented in the amended complaint must be dismissed based on res judicata.

In addition, because TitleVest's crossclaim against all defendants is predicated on TitleVest being found liable for damages awarded to plaintiffs, (ECF No. 25, Answer, Crossclaim Against all Defendants, and Counterclaim Against all Plaintiffs by Titlevest Agency, Inc., filed 2/5/2013, at ¶¶ 8-9), TitleVest's crossclaim must also be dismissed.

**CONCLUSION**

For the reasons set forth above, the moving defendants' motion to dismiss the amended complaint is granted, plaintiffs' claims against all defendants are hereby dismissed with prejudice, and defendant TitleVest Agency Inc.'s crossclaim against all defendants is also dismissed with prejudice. Defendant TitleVest Agency Inc.'s motion for summary judgment is denied as moot.

The clerk of court is respectfully requested to enter judgment dismissing all of the plaintiffs' claims against all defendants and dismissing defendant TitleVest's crossclaim against all defendants.  Defendant TitleVest is ordered to

advise the court no later than June 4, 2013, how it intends to proceed with its counterclaim against plaintiffs.  The court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United* States, 369 U.S. 438, 444-45 (1962).

Counsel for the Foley defendants is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiffs Paul and Kaye Vassel at their address of record and their residential address and to file proof of service of the same no later than June 3, 2013.

**SO ORDERED.**

Dated:     Brooklyn, New York
           May 31, 2013

                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York